UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:24-cv-80958-AMC

TERCILMENE MONERA,

    Petitioner,

v.

EVENS DATIS,

    Respondent.

_____/

### MOTION TO PRESENT THE TESTIMONY OF NON-PARTY WITNESSES BY ALTERNATIVE MEANS AT THE EVIDENTIARY HEARING

Petitioner, Tercilmene Monera ("Petitioner"), files this Motion to Present the Testimony of Non-Party Witnesses by Alternative Means at the Evidentiary Hearing. Petitioner respectfully seeks an Order permitting the following third parties to participate at the evidentiary hearing in this matter via alternative means (either by remote testimony, via official video deposition (with corresponding paper transcription), or via sworn declaration): (1) Adriana Pires Gentil Negrão, (2) Carla Viana, (3) Clermithe Monera, (4) Yves Line Monera, and (5) Roland Saintivers (collectively, Petitioner's "Third Party Witnesses"). In support, Petitioner states:

1. On November 8, 2024, this Court issued the *Order Rescheduling Evidentiary Hearing and Requiring Petitioner's In-Person Attendance at Evidentiary Hearing*, which rescheduled the evidentiary hearing in this matter to January 14 and 15, 2025 and required any motion to present the testimony of non-party witnesses by alternative means be filed by December 2, 2024. ECF No. 59. The deadline was later moved to December 9, 2024. ECF No. 62.

2. The Third Party Witnesses are not parties to this lawsuit, but their testimony is critical to Petitioner's case. Ms. Adriana Pires Gentil Negrão is Petitioner's *pro bono* legal counsel

in Brazil and is expected to testify about Brazilian law and explain to the Court how Petitioner was exercising her custody rights in Brazil at the time Respondent abducted their minor child. This supports one of the elements of Petitioner's claims. Ms. Adriana Pires Gentil Negrão is expected to act as an expert on Brazilian law to explain to the Court why the Petition should be granted. Ms. Carla Viana is Petitioner's Brazilian lawyer at the CDCM Francisca Franco[1] and is expected to testify about the legal and non-legal efforts Petitioner undertook to try and locate her minor child and to exercise her custody rights after Respondent wrongfully abducted their minor child. Ms. Carla Viana's testimony will assist the Court in understanding every effort Petitioner took in Brazil to get her minor child back before learning that Respondent wrongfully removed the minor child from Brazil to the United States, which caused Petitioner to file the Petition. Ms. Clermithe Monera is Petitioner's sister and best friend who lives in France and is expected to testify about Respondent's abuse towards Petitioner. This testimony refutes Respondent's defenses. Ms. Yves Line Monera and Roland Saintivers are Petitioner's sister and brother-in-law, respectively, who live near Petitioner in Brazil and are expected to testify about Respondent's abuse towards Petitioner and the neighborhood in which Petitioner lives, which is safe and not dangerous. This testimony refutes Respondent's defenses.

3. While their testimony is critical to Petitioner's case, each of the Third Party Witnesses is expected to testify for a short time (about thirty to forty minutes, not considering time for translation) on various aspects of the claims and defenses presented in the lawsuit.

4. The Third Party Witnesses do not live in the United States. None of the Third Party Witnesses hold a United States passport. The Third Party Witnesses cannot afford to apply for a

---

[1] The CDCM Francisca Franco, part of the social assistance network of the São Paolo government, is a space dedicated to the protection and support of women in situations of violence.

#513784238_v3

visa to enter the United States for the purpose of testifying at the evidentiary hearing. The Third Party Witnesses cannot afford to apply for any other immigration process that would permit them to enter the United States legally for the purpose of testifying at the evidentiary hearing. Assuming the Third Party Witnesses could apply for a visa or other immigration procedure (which they cannot afford to do), the Third Party Witnesses cannot guarantee that their application(s) to enter the United States would be approved. The prospective and likely denial of the visa applications adds to the financial burden of applying for a visa because the application would be in vain and the Third Party Witnesses would incur what is an exorbitant cost for them with no gain. Assuming the Third Party Witnesses could afford to apply for visas (which they cannot) and were approved for visa(s) to enter the United States (which is not guaranteed), the Third Party Witnesses cannot afford to pay for the international travel costs associated with testifying in person at the evidentiary hearing (including, for example, paying for the international flight to Florida, staying in a hotel for the time they are in Florida, and taking time off work to travel to the United States).[2]

5. If Petitioner's Third Party Witnesses are not permitted to testify via alternative means, Petitioner is extremely and disproportionally prejudiced because she will not able to present all evidence concerning the claims and defenses in this lawsuit.

6. Of great importance is the Hague Convention's emphasis on resolving child abduction cases expeditiously. *See* Convention, art. 2; *see also Chafin v. Chafin*, 568 U.S. 165, 179 (2013). The most expeditious and proportionate method for this Court to receive the testimony of the Third Party Witnesses is by remote video transmission testimony.

7. Should the Court require the Third Party Witnesses to try and enter into the United

---

[2] Each visa application costs $250 USD and current roundtrip flights from São Paulo to Miami range from $800 to over $1,700 each for the January 14-15, 2025 evidentiary hearing.

#513784238_v3

States legally to be able to testify at the evidentiary hearing, such action may unnecessarily delay the evidentiary hearing from taking place, which will severely prejudice Plaintiff who has not seen her minor child since July 2022 because Respondent abducted the minor child and wrongfully removed the minor child from Brazil to the United States.

8. Because Petitioner has shown good cause in compelling circumstances for the Third Party Witnesses to appear via alternative means, Petitioner's Third Party Witnesses should be permitted to testify via alternative means, including, by remote testimony, via official video deposition (with corresponding paper transcription), or by sworn declaration.

Petitioner hereby renews and incorporates herein her prior Motion to Permit Remote Testimony at Evidentiary Hearing [ECF No. 52] and respectfully requests that the Court permit the Third Party Witnesses to testify via remote teleconferencing means, pursuant to Federal Rule of Civil Procedure 43 and this Court's inherent jurisdiction, at the evidentiary hearing. *See e.g.*, *Colon v. Mejia Montufar*, No. 2:20-cv-14035-KMM, [ECF No. 39]; *Radke v. NCL (Bahamas) Ltd.*, No. 1:19-CV-23915, [ECF No. 45]; *In re F.S.R.G.*, 1:21-cv-81573-CANNON [ECF No. 29]; *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 479 (D. Md. 2010) (citing *Dagen v. CFC Grp. Holdings*, 2003 WL 22533425 at *2 (S.D.N.Y. Nov. 7, 2003)); *Valenzuela v. Michel*, 736 F.3d 1173, 1175 (9th Cir. 2013); *Mota v. Castillo*, 692 F.3d 108, 111 (2d Cir. 2012); *Virtual Architecture, Ltd. v. Rick*, 2012 WL 388507, at *2 (S.D. N.Y. Feb. 7, 2012); *Blue Cross & Blue Shield of Fla., Inc. v. Davita, Inc.*, 2022 WL 18492515, at *4 (M.D. Fla. May 27, 2022); *Guerra v. Rodas*, 2020 WL 2858534, at *2, n.3 (W.D. Ok. June 2, 2020); *Flores v. Alvarado*, 2018 WL 1697314, at *2 (W.D. N.C. Apr. 6, 2018); *Salguero v. Argueta*, 2017 WL 1113334, at *1 (E.D. N.C. Mar. 23, 2017); *Mendoza v. Pascual*, 2015 WL 13650770, at * 2 (S.D. Ga. May 5, 2015); *El-Hadad v. United Arab Emirates*, 496 F.3d 658, 669 (D.C. Ct. App. 2007); *Haimdas v. Haimdas*, 720 F. Supp. 2d 183,

187 (E.D. N.Y. 2010); *Matovski v. Matovski*, 2007 WL 1575253, at *3 (S.D. N.Y. May 31, 2007); *Alvarez Romero v. Gajardo Bahamonde*, 2020 WL 12655611, at *2 (M.D. Ga. June 23, 2010); *Cunningham v. Cunningham*, 2016 WL 8261726, at *2 (M.D. Fla. Dec. 27, 2016); *Romanov v. Soto*, 2022 WL 356205, at *1 (M.D. Fla. Feb. 7, 2022); *Vite-Cruz v. Sanchez*, 2018 WL 4359217, at *1 (D. S.C. Sept. 13, 2018).

9. Further, contemporaneous transmission by means of video teleconference provides a sufficient medium for the court to determine the credibility of the witness. *See, e.g.*, *Federal Trade Comm'n v. Swedish Match N. Am., Inc.*, 197 F.R.D. 1, 4 (D.D.C. 2000) ("there is no practical difference between live testimony and contemporaneous video transmission based upon my experience in presiding over two hearings"); *see also Walker v. Walker*, No. 11 C 2967, 2013 WL 1110876, at *2 (N.D. Ill. Mar. 16, 2013) ("The Court also heard further testimony from [Petitioner] (who testified under oath by video from Australia . . .)"); *Fabri v. Pritikin-Fabri*, 221 F. Supp. 2d 859, 865 (N.D. Ill. 2001) ("[Petitioner] remained in this country from October 20 through October 31 (T. 356), but gave testimony in this case by telephone after his return to Italy."). This Court will be able to observe and scrutinize the Third Party Witnesses via live video transmission, meaning this Court will be able to observe facial expressions, body language, and have the ability to notice whether witnesses hesitate or otherwise react in response to questioning during direct or cross examination. Petitioner trusts credibility determinations can be made through contemporaneous video testimony.

10. Petitioner will be able to employ appropriate safeguards found adequate by courts for contemporaneous testimony by Third Party Witnesses, such as: (1) accurate identification of the witness; (2) protection of influence from persons present with the witness; (3) accurate transmission of the testimony; and (4) opportunity for cross-examination of all witnesses.

*NeuroMd Med. Techs., LLC v. Amazon.com, Inc.,* No. 1:23-CV-21760-DPG, 2023 WL 11892480 (S.D. Fla. Dec. 28, 2023); *See Beltran–Tirado v. INS*, 213 F.3d 1179, 1185-86 (9th Cir. 2000) (permitting the use of telephonic testimony where witness not present in the jurisdiction and witness testimony subject to cross examination). When adequate safeguards (such as availability for cross examination) exist to protect the procedure respondents are afforded due process and are not prejudiced by use of contemporaneous video transmission of testimony. *See Federal Trade Comm'n*, 197 F.R.D. at 2. To the best of her ability, Petitioner can employ the aforementioned safeguards and ensure that the Third Party Witnesses are sworn in, identified, and either alone or with legal counsel only to prevent any influence on testimony. Petitioner's counsel can also test the technology to be used for video transmission (i.e., Zoom) to ensure it works in the courtroom. Petitioner has not received any proposals or requests for specific safeguards from counsel or from this Court, but is open to communication and agreement on feasible and fair safeguards as exemplified in relevant case law if more is required.

11. Alternatively, Petitioner respectfully requests that this Court permit the Third Party Witnesses to testify via official video deposition (with corresponding paper transcription). Undersigned counsel conferred with counsel for Respondent who opposes depositions taking place. Thus, Petitioner requests Court authority to take official video depositions of the Third Party Witnesses, at a time to be scheduled with the Third Party Witnesses and Respondent's counsel, for use at the evidentiary hearing.

12. Finally, should the Court not permit remote testimony or official video depositions, Petitioner respectfully requests that the Court permit the Third Party Witnesses to testify via sworn declaration.

**WHEREFORE**, Petitioner respectfully requests that the Court enter an Order permitting

#513784238_v3

the Third Party Witnesses to testify remotely at the evidentiary hearing or, alternatively, to testify via official video deposition or, alternatively, to testify via sworn declaration.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(3)(A), undersigned counsel certifies that Counsel for Petitioner, Suzanne Busser, Esq., conferred with Counsel for Respondent, Phillip Brutus, Esq., via E-Mail on December 2 and 4, 2024, and that Mr. Brutus opposes the relief requested.

Dated: December 9, 2024                                    Respectfully submitted,

**HOLLAND & KNIGHT LLP**

By:    s/ *Suzanne Busser*
**DAVID IRA SPECTOR** (FBN 0865401)
email: david.spector@hklaw.com
secondary email: kim.roark@hklaw.com
**SUZANNE M. BUSSER** (FBN 1002654)
email: suzanne.busser@hklaw.com
**KYLEE NEERANJAN** (FBN 1050749)
email: kylee.neeranjan@hklaw.com
777 S. Flagler Drive, West Tower, Suite 1900
West Palm Beach, Florida 33401
Tel: (561) 833-2000

*Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **December 9, 2024**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that I have served a copy to Respondent's counsel of record listed below.

By:    s/*Suzanne Busser*
SUZANNE BUSSER

Phillip J. Brutus, Esq.
Brutus Law Group
301 W. Atlantic Avenue, Suite 0-8
Delray Beach, FL 33444
Tel: 561-526-8383
Email: info@brutuslawgroup.com

#513784238_v3